UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Christina Daniels,<br><br>                Plaintiff,<br>    v.<br><br>Enterprise Recovery Systems, Inc.; and DOES 1-10, inclusive,<br><br>                Defendants. | Civil Action No.: _____<br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Christina Daniels, by undersigned counsel, states as follows:

## JURISDICTION

1.   This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2.   Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.   Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.   The Plaintiff, Christina Daniels ("Plaintiff"), is an adult individual residing in Peabody, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Enterprise Recovery Systems, Inc. ("ERS"), is a Illinois business entity with an address of 2400 S Wolf Road, Suite 200, Westchester, Illinois 60154, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by ERS and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. ERS at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

8. The Plaintiff incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to ER for collection, or ER was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. ERS Engages in Harassment and Abusive Tactics**

12.     Within the last year, ERS placed as many as twelve (12) calls a day to Plaintiff's pre-paid cellular telephone in an attempt to collect the Debt.

13.     On August 11, 2011, an ERS collector "Briana" placed a call to Plaintiff and first spoke with Plaintiff's fiancé. ERS refused to identify itself to Plaintiff's fiancé and hung up the telephone on him.

14.     Briana placed a subsequent call to Plaintiff and spoke with her about the Debt on August 11, 2011.

15.     Briana immediately said to Plaintiff "Are you trying to hide from me?!" Plaintiff explained to Briana that she was currently disputing the Debt directly with the Creditor. Plaintiff asked ERS to cease calling her cellular telephone in an attempt to collect the Debt because she was currently disputing the Debt and would not pay ERS directly.

16.     In response to Plaintiff's request, Briana stated that she would call Plaintiff twenty (20) times a day if she wanted to, and "will do what I [Briana] need to do [to collect the Debt]."

17.     Plaintiff placed a call to ERS on August 11, 2011 to complain about Briana's abusive conversation with her earlier that day. Plaintiff asked to speak with a manager however she was instead transferred to Briana again. Briana refused to provide Plaintiff with the name of an ERS manager and instead hung up the telephone on Plaintiff.

18.     Plaintiff placed another call to ERS on August 12, 2011 to once again attempt to speak with a manager about Briana's abusive language. Plaintiff was connected to "Andrew Black" who stated that he could discuss this matter with Plaintiff.

19. Plaintiff explained to Mr. Black that she had to pay for every call that ERS placed to her and asked once again that it cease calling her. Mr. Black laughed at Plaintiff's request and told her that she was naïve to think that ERS would cease its calls to her.

20. Further, Mr. Black told Plaintiff that he would have Briana continue placing calls to her and that he "may make some myself."

### C. Plaintiff Suffered Actual Damages

21. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

22. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

23. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

### COUNT I
### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

24. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

26. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

27. The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used profane and abusive language when speaking with the consumer.

28. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

29. The Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

30. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

31. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT, M.G.L. c. 93A § 2, et seq.

32. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The Defendants employed unfair or deceptive acts to collect the Debt, in violation of M.G.L. c. 93A § 2.

34. Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under M.G.L. c. 93A § 9 and, as such, the Plaintiff is entitled to double or treble damages plus reasonable attorney's fees.

## COUNT III
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

35. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

37. Massachusetts further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Massachusetts state law.

38. The Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with excessive phone calls and abusive language.

39. The telephone calls made by Defendant to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

40. The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

41. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

42. All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

43. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

44. The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

45. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Massachusetts.

46. All acts of Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to imposition of punitive damages.

## COUNT V
## COMMON LAW FRAUD

47. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. The acts, practices and conduct engaged in by the Defendants and complained of herein constitute fraud under the Common Law of the State of Massachusetts.

49. The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants. All acts of Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4. Double or treble damages plus reasonable attorney's fees pursuant to M.G.L. c. 93A § 3(A);

5. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

6. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

7. Punitive damages; and

8. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: November 22, 2011

                                         Respectfully submitted,

                                         By __/s/ Sergei Lemberg_____

                                         Sergei Lemberg (BBO# 650671)
                                         LEMBERG & ASSOCIATES L.L.C.
                                         1100 Summer Street, 3rd Floor
                                         Stamford, CT 06905
                                         Telephone: (203) 653-2250
                                         Facsimile:  (203) 653-3424
                                         Attorneys for Plaintiff